## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILHOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 04-cv-0586-MJR |
| | ) |
| KRIS GEBKE, | ) |
| MADISON COUNTY, ILLINOIS, | ) |
| ROBERT HERTZ, Sheriff of Madison County, | ) |
| Illinois, | ) |
| SERGEANT HILL, individually and as an | ) |
| employee of the Madison County Sheriff's | ) |
| Department, and | ) |
| OFFICER YOUNG, individually and as an | ) |
| employee of the Madison County Sheriff's | ) |
| Department, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Now before the Court is Defendants Madison County, Illinois, Madison County Sheriff Robert Hertz, Sergeant Hill and Officer Young's motion to dismiss Counts Three and Five of Plaintiff David Wilhold's complaint pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** (Doc. 9) and memorandum in support (Doc. 10). In Counts Three and Five, Wilhold alleges that Sergeant Hill and Officer Young committed battery against him at the Madison County, Illinois Jail after Wilhold was taken into custody and placed under arrest for driving under the influence of alcohol. Sergeant Hill and Officer Young argue that they are immune from liability as to Counts Three and Five of Wilhold's complaint. The Court begins its analysis with a brief recitation of the key facts and procedural history.

**Factual Background and Procedural History**

On September 13, 2003, Wilhold was driving eastbound on Interstate 55/70 in Madison County, Illinois when Defendant Illinois State Trooper Kris Gebke initiated a traffic stop for improper lane usage. Upon stopping Wilhold, Trooper Gebke administered a field sobriety test, which Wilhold failed. Trooper Gebke then placed Wilhold in the back of his police car and administered what Wilhold refers to as the "blow test". He then informed Wilhold he was under arrest for driving under the influence of alcohol. Wilhold alleges that Trooper Gebke then beat Wilhold outside the view of the camera in Trooper Gebke's car before transporting Wilhold to the Illinois State Police District 11 Headquarters in Collinsville, Illinois. Wilhold was then taken to the Madison County Jail, arriving an hour after the initial traffic stop.

At the Madison County Jail, Wilhold alleges he refused to take a breathalyzer test and asked to speak to an attorney or at least his wife. Wilhold states that instead of being allowed to speak to an attorney or his wife, he was harassed by Trooper Gebke and other police officers at the Madison County Jail for refusing to take a breathalyzer test. Wilhold further alleges that while being placed in a holding cell at the jail, Wilhold was struck several times by Trooper Gebke, Sergeant Hill and Officer Young, the later two employees of the Madison County Sheriff's Department. Wilhold states he was then placed in a restraint chair and continually harassed and struck by several officers, and was not allowed either to call his wife or provided medical treatment until the morning of September 14, 2003. Wilhold alleges he suffered severe and permanent physical injury.

On August 23, 2004, Wilhold filed his complaint against Defendants in this Court. In Count One, not at issue in the instant motion, Wihold brings a state law claim for battery against Trooper Gebke. In Count Two, also not at issue in the instant motion, Wilhold brings a 42 U.S.C.

1983 claim against Trooper Gebke. In Count Three, Wilhold brings a state law battery claim against Sergeant Hill. In Count Four, also not at issue in the instant motion, Wilhold brings a Section 1983 claim against Defendants Sergeant Hill, Sheriff Hertz and Madison County, Illinois. And in Count Five, Wilhold brings a state law battery claim against Officer Young.

In Defendants' motion, Defendants request that Counts Three and Five of Plaintiff's complaint be dismissed as to Sergeant Hill and Officer Young as they are immune from liability pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Immunity Act"), **745 ILCS 10**. Plaintiff responded in opposition at Doc. 12. This matter being fully briefed, the Court finds as follows.

### Standard Governing a Motion to Dismiss

The purpose of a motion to dismiss under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** is to "test the sufficiency of the complaint, not to decide the merits" of the case. ***Triad Associates, Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).** When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences. ***Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir. 2001),** *citing Transit Express, Inc. v. Ettinger*, **246 F.3d 1018, 1023 (7th Cir. 2001).**

Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. ***Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001),** *citing Conley v. Gibson*, **355 U.S. 41, 45-46 (1957);** *Veazey v. Communications & Cable of Chicago, Inc.*, **194 F.3d 850, 854 (7th Cir. 1999).** *Accord Galdikas v. Fagan*, **342 F.3d 684, 686 (7th Cir. 2003)("Dismissal is proper if it appears beyond doubt**

**that the plaintiffs cannot prove any set of facts entitling them to relief.").**

## Analysis

Defendants cite to various provisions of the Illinois Immunity Act in support of their motion to dismiss. The Court will address each provision in turn.

First, Defendants argue that Section 4-105 of the Illinois Immunity Act provides Sergeant Hill and Officer Young immunity to any claims Wilhold may be bringing in Counts Three and Five for failure to seek medical attention as Wilhold failed to allege that Sergeant Hill and Officer Young acted willfully and wantonly. In response, Plaintiff argues that all that is required of him at this stage in the proceedings is to satisfy the Court's notice pleading standards. The Court agrees with Plaintiff.

> Section 4-105 provides that:
>
> Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but this Section shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care.

Whether the conduct was willful or wanton is a question of fact, not to be decided on a motion to dismiss. ***Cooper v. Office of Sheriff of Will County*, 333 F.Supp.2d 728, 735 (N.D. Ill. 2004).** "The Federal Rules of Civil Procedures do not require a claimant to set out in detail the facts upon which he bases his claim." ***Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993).** Instead, the rules simply require a "short and plain statement of the claim" that gives the defendant fair notice of plaintiff's claim and the grounds on which it rests. **FED.R.CIV.P. 8(a)**; ***Id.* at 168.** Because Wilhold's complaint provides factual

allegations and the types of claims alleged, the complaint satisfies the minimum requirements of notice pleading.  Wilhold states in his complaint that he was in "clear need for medical attention" and did not receive it until early the next morning after being taken into custody, which is enough to satisfy his pleading requirement.  The Illinois Supreme Court has held that a rational trier of fact could find that an officer's failure to act showed "an utter indifference or conscious disregard" for a plaintiff's safety so as to constitute willful and wanton conduct.  ***Doe v. Calumet City*, 641 N.E.2d 498, 506 (Ill. 1994).**  Therefore, Defendants' arguments as to Section 4-105 are without merit at this stage in the proceedings.

Second, Defendants argue that Section 2-201 of the Illinois Immunity Act immunizes Sergeant Hill and Officer Young from the battery claims in Counts Three and Five because they were public employees serving in a position involving the determination of policy or the exercise of discretion.  Section 2-201 states: "Except as provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."  Sergeant Hill and Officer Young's arguments are clearly without merit.  As the Illinois Court of Appeals for the First District has stated, battery does not "amount to an exercise of discretion or determination of policy" so as to provide defendants with immunity under the Illinois Immunity Act.  ***Valentino v. Hilquist*, 337 Ill.App.3d 461, 473 (1st Dist. 2003).**  Accordingly, the Court finds that Section 2-201 is inapplicable at this stage in the proceedings.

Turning to whether Sergeant Hill and Officer Young are immune from any allegations in Counts Three and Five that they failed to provide medical treatment as their actions were discretionary in nature and fall within the protection of Section 2-201, that argument also fails.  The Illinois Supreme Court has held that public officials receive immunity under Section 2-201 only

when the official's position requires the determination of policy or the exercise of discretion, and the act or omission that caused the injury was "both a determination of policy and an exercise of discretion." *Harinek v. 161 N. Clark St., Ltd. Partnership*, **692 N.E.2d 1177, 1181 (Ill. 1998).** This Court does not see how the alleged refusal to provide Wilhold with medical treatment can be characterized as determinations of policy within the meaning of Section 2-201. *Cf. Hayes v. City of Des Plaines*, **182 F.R.D. 546, 551-52 (N.D. Ill. 1998).** Sergeant Hill and Officer Young cite no case law that places police failure to provide medical care for prisoners within the scope of Section 2-201. Accordingly, Sergeant Hill and Officer Young's arguments as to Section 2-201 fail at this time.

Third, Sergeant Hill and Officer Young argue that Section 2-202 of the Illinois Immunity Act immunizes them from the battery claims in Counts Three and Five because there is no allegation that they acted willfully or wantonly. However, whether or not Hill and Young willfully and wantonly committed battery is a question of fact for the jury to decide, it is not appropriate for this Court to decide on a motion to dismiss. *See Doe*, **641 N.E.2d at 506.** Further, the Court can conceive of facts that Wilhold could allege to negate immunity. Accordingly, the Court declines to dismiss Wilhold's battery claims in Counts Three and Five. *See Clark v. City of Chicago*, **595 F.Supp. 482, 487 (N.D. Ill. 1984).**

Finally, Sergeant Hill and Officer Young argue that they are immune from any punitive damages pursuant to Section 2-213 since their positions involved a determination of policy or the exercise of discretion. However, as stated above, the Illinois Court of Appeals for the First District has stated that battery does not "amount to an exercise of discretion or determination of policy." *Valentino v. Hilquist*, **337 Ill.App.3d 461, 473 (1st Dist. 2003).** Moreover, Defendants have not explained how the misconduct alleged here constitutes performance of any legislative or

judicial functions, and they cite no caselaw in support of their argument.  *Cf.  **Hawkins v. Mathus**,* ***1999 WL 966128 (N.D. Ill. 1999).***  Accordingly, the Court finds their arguments pertaining to Section 2-213 to be without merit, and denies at this time their request to dismiss any claims for punitive damages.

## Conclusion

The Court hereby **DENIES** Defendants' "Motion to Dismiss Counts III and V of Plaintiff's Complaint" (Doc. 9).

**IT IS SO ORDERED.**

**DATED this 1st day of September, 2005.**

>   **s/ Michael J. Reagan**
>   **MICHAEL J. REAGAN**
>   **United States District Judge**