IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILHOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 04-586-MJR |
| | ) |
| KRIS GEBKE, MADISON COUNTY, | ) |
| ILLINOIS, ROBERT HERTZ, Sheriff | ) |
| of Madison County, Illinois, SERGEANT | ) |
| HILL, individually and as an employee | ) |
| of the Madison County Sheriff's | ) |
| Department, and OFFICER YOUNG, | ) |
| individually and as an employee of the | ) |
| Madison County Sheriff's Department, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is plaintiff's motion seeking reconsideration of the Court's August 3, 2005, order quashing the notices of the depositions of Dr. Kevin Garner, Dr. Peter Anderson, Sergeant Rich Martin, Denise Nunn, Sergeant Pete Moore, Jason Gilbert, Randy Eaton, Lieutenant Shocky, and Dr. Syed Ali.  **(Doc. 24).**  The deposition notices were quashed because defendants correctly objected that they were tendered after the close of discovery.  **(*See* Doc. 23).**

Plaintiff's request for reconsideration is based in great part upon the false notion that the Federal Rules of Civil Procedure distinguish between "discovery" depositions and "evidence" depositions.  Federal Rule of Civil Procedure 30 does not distinguish or characterize a deposition according to the examining party's aim.

Plaintiff's counsel asserts that in his 35 years practicing in federal court he has never been required to take a treating physician's deposition before the discovery deadline in order for it to be

1

used at trial. This Court does not doubt that assertion; this may just be the first time opposing counsel has objected and forced the issue. Local Rule 26.1(d) does mandate cooperative discovery arrangements, but defendants are clearly within their rights to ask that the pretrial schedule and Federal Rules of Civil Procedure control. Similarly, plaintiff's counsel has apparently relied upon opposing counsel's good will in agreeing to have treating physicians' depositions used at trial, regardless of whether the physician is truly unavailable for purposes of Federal Rule of Civil Procedure 32(a)(3).

U.S. District Judge Michael J. Reagan assigns a specific trial date, not a floating presumptive trial month. Therefore, it is imperative that the parties complete discovery and be ready for trial as scheduled. Again, Local Rule 26.1(d) gives the parties leeway to agree to extend the discovery deadline without Court approval, but absent such an agreement (memorialized in writing if the parties desire to have the Court enforce it), the schedule dictated by the Court controls.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration **(Doc. 24)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 5, 2005**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**