IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILHOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-cv-0586-MJR |
| ) | |
| KRIS GEBKE, ) | |
| MADISON COUNTY, ILLINOIS, ) | |
| ROBERT HERTZ, Sheriff of Madison ) | |
| County, Illinois, ) | |
| SERGEANT HILL, individually and as an ) | |
| employee of the Madison County Sheriff's ) | |
| Department, and ) | |
| OFFICER YOUNG, individually and as an ) | |
| employee of the Madison County Sheriff's ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Now before the Court is Defendant Kris Gebke's motion for summary judgment (Doc. 20) and memorandum in support (Doc. 21). The Court begins its analysis with a brief recitation of the key facts and procedural history.

**A. Factual Background and Procedural History**

On September 13, 2003, Plaintiff David Wilhold was driving eastbound on Interstate 55/70 in Madison County, Illinois when Defendant Illinois State Trooper Kris Gebke initiated a traffic stop for improper lane usage. Upon stopping Wilhold, Trooper Gebke administered a field sobriety test, which Wilhold failed. Trooper Gebke then placed Wilhold in the back of his police

car and administered what Wilhold refers to as the "blow test." Gebke then informed Wilhold that he was under arrest for driving under the influence of alcohol. Wilhold alleges that Trooper Gebke then beat Wilhold outside the view of the camera in Trooper Gebke's car before transporting Wilhold to the Illinois State Police District 11 Headquarters in Collinsville, Illinois. Wilhold was then taken to the Madison County Jail, arriving an hour after the initial traffic stop.

At the Madison County Jail, Wilhold alleges he refused to take a breathalyzer test and asked to speak to an attorney or at least his wife. Wilhold states that instead of being allowed to speak to an attorney or his wife, he was harassed by Trooper Gebke and other police officers at the Madison County Jail for refusing to take a breathalyzer test. Wilhold further alleges that while being placed in a holding cell at the jail, Wilhold was struck several times by Trooper Gebke, as well as by Sergeant Hill and Officer Young, employees of the Madison County Sheriff's Department. Wilhold states he was then placed in a restraint chair and continually harassed and struck by several officers. Wilhold asserts that, despite his requests, he was not allowed to call his wife and he was not provided medical treatment until the morning of September 14, 2003. Wilhold alleges he suffered severe and permanent physical injury as a result of the officers' actions and inaction.

On August 23, 2004, Wilhold filed his complaint against multiple defendants in this Court (Doc. 1). In Count I, Wihold brings a state law claim for battery against Gebke. In Count II, Wilhold brings a claim against Gebke, pursuant to **42 U.S.C. § 1983,** claiming violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. In Count III, Wilhold brings a state law battery claim against Sergeant Hill. In Count IV, Wilhold brings a Section 1983 claim against Defendants Sergeant Hill, Sheriff Hertz and Madison County, Illinois. And in Count V, Wilhold brings a state law battery claim against Officer Young.

In Gebke's motion, Gebke asserts that he is entitled to summary as to those Counts directed towards him, Counts I and II. Wilhold has responded in opposition at Document 26, and Gebke has replied at Document 31.

**B. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001); *Miranda v. Wisconsin Power & Light Company*, 91 F.3d 1011, 1014 (7th Cir. 1996).

**C. Analysis**

In his motion to dismiss, Gebke asserts several arguments for summary judgment. The Court considers each in turn.

**Jurisdictional Basis for Count I**

In Count I of his Complaint, Wilhold asserts that Gebke committed the common law tort of battery upon his person. Gebke argues that this Court should grant him summary judgment

on this Count because Wilhold does not properly assert a jurisdictional basis for this claim. The Court is not persuaded by this argument.

Gebke does not contest this Court's jurisdiction to hear Wilhold's complaint in Count II alleging violations of **42 U.S.C. § 1983.** Indeed, that claim is properly before this Court pursuant to this Court's federal question jurisdiction. *See,* **28 U.S.C. § 1331.** Pursuant to **28 U.S.C. § 1367,** this Court has supplemental jurisdiction to hear Wilhold's common law battery claim, which clearly is "so related to [Count II] that [it] forms part of the same case or controversy" now before the Court. **28 U.S.C. § 1367(a).** Accordingly, the Court **DENIES** Gebke's motion for summary judgment as to Count I.

### Gebke's Alleged Denial of Medical Care

In Count II, Wilhold alleges that, *inter alia,* he was denied medical care by Gebke.

*Deliberate Indifference to Serious Medical Needs*

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishments when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." ***Estelle v. Gamble,* 429 U.S. 97, 104 (1976).** A deliberate indifference claim contains both objective and subjective elements. ***Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir. 1997).** "The deprivation suffered by the prisoner must be objectively sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities." ***Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002).** The subjective element requires that the prison official acted with a sufficiently culpable state of mind. ***Id.*** The standard for deliberate indifference is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge

that harm will result. *Id.* "[A] prisoner claiming deliberate indifference need not prove that the prison officials intended, hoped for, or desired the harm that transpired." *Id., citing Haley v. Gross,* **86 F.3d 630, 641 (7th Cir. 1996).** It is enough to show that the defendants actually knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk. *Haley,* **86 F.3d at 641.** "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan,* **511 U.S. 825, 834 (1994).**

*Gebke's Arguments on this Point:*

In moving for summary judgment, Gebke asserts (a) that he is shielded from liability under the doctrine of qualified immunity, and (b) alternatively, that summary judgment is appropriate because no genuine issues of material fact remain, and Gebke is entitled to judgment as a matter of law.

Gebke argues that he is entitled to qualified immunity for his alleged denial of medical care to Wilhold. The doctrine of qualified immunity is an "entitlement [for certain government officials] not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth,* **472 U.S. 511, 526 (1985).** As such, it is important for a Court to resolve any immunity questions at the earliest possible stage in litigation. *Hunter v. Bryant,* **502 U.S. 224, 227 (1991).** Although the respective analyses are similar, the requisite analysis to determine qualified immunity is not so intertwined with the constitutional violation issues so as to be treated as one question. *Saucier v. Katz,* **553 U.S. 194, 197 (2001).** Accordingly, before considering Gebke's second argument for summary judgment, this Court must first conduct its analysis of Gebke's qualified immunity assertion.

"A court required to rule upon the qualified immunity issue must first consider

whether, [t]aken in the light most favorable to the party asserting the injury..., the facts alleged show the officer's conduct violated a constitutional right." *Saucier,* **553 U.S. at 201.** Taking the facts in this case in the light most favorable to Wilhold, the Court finds that Gebke's alleged actions violated Wilhold's constitutional rights.

According to Wilhold's testimony, while at the Madison County Jail, Gebke violently shoved Wilhold into his holding cell, causing him to fall and strike his head. Thereafter, Wilhold asserts, Gebke joined other officers in beating him, causing him significant injuries, including a broken arm, before leaving him in the holding cell. Taking this testimony as true, this Court concludes that, at the very *least,* Gebke "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Haley,* **86 F.3d at 641**. Further, according to Wilhold, the beating that Gebke and the other officers subjected him to resulted in a "blood bag" under his eye, multiple contusions, and a broken shoulder. Taking this testimony as true, these injuries were "objectively sufficiently serious ... [resulting] in [a] denial of the minimal civilized measure of life's necessities." *Benjamin,* **293 F.3d at 1037.** Accordingly, viewing these facts in the light most favorable to Wilhold, this Court concludes that Gebke's alleged conduct sets out a constitutional violation.

If, as in this case, a violation of a plaintiff's constitutional rights can be made out on a favorable view of the plaintiff's submissions, the next step in a qualified immunity analysis is to determine whether the rights were "clearly established." *Saucier,* **533 U.S. at 201.** The plaintiff bears the burden of establishing that a constitutional right was clearly established at the relevant time. *Jacobs v. City of Chicago*, **215 F.3d 758, 766 (7th Cir. 2000).** The Seventh Circuit has explained:

> The plaintiff must demonstrate that at the time of the alleged unconstitutional actions of the defendants, there was clearly

>established law holding that their actions violated rights secured by
>the Constitution of the United States.

***Kitzman-Kelley*, 203 F.3d at 459.**

This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." ***Saucier*, 533 U.S. at 202.** "The right the official is alleged to have violated must have been 'clearly established' in a... particularized and relevant sense: [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* **at 202,** *citing Anderson v. Creighton,* **483 U.S. 635, 640 (1987).** "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." ***Saucier*, 533 U.S. at 202.**

In attempting to make this analysis, this Court is hindered because the facts are in serious dispute as to the exact role that Gebke played in the circumstances surrounding Wilhold's arrest. As mentioned, Wilhold asserts that Gebke was present while he was being detained, and actively participated in his beating. Gebke, on the other hand, asserts that he was not present in the holding cell, did not beat Gebke, and actually told the Madison County police officers to administer medical care to Wilhold.

Because these facts remain in dispute, this Court cannot decide the question of whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted," because this Court is unable to determine exactly *what* "situation [Gebke] confronted." ***Saucier*, 533 U.S. at 202.** "If there are genuine issues of material fact concerning [the requisite elements for a deliberate indifference claim], a defendant may not avoid trial on the grounds of

qualified immunity." ***Benjamin,* 293 F.3d at 1037.** Accordingly, this Court **DENIES** Gebke's assertion of qualified immunity.

In addition, the above analysis demonstrates that Wilhold has presented enough evidence to preclude summary judgement based on the *objective* elements of a deliberate indifference claim. And, because of the factual dispute as to the extent of Gebke's participation in Wilhold's alleged mistreatment, a genuine issue of material fact exists regarding the *subjective* element of an deliberate indifference claim – whether Gebke acted "with a sufficiently culpable state of mind." ***Benjamin,* 293 F.3d at 1037.** Accordingly, this Court also **DENIES** Gebke's alternative argument that he entitled to judgment as a matter of law and that no genuine issues of material fact remain as to Wilhold's claim of deliberate indifference.

In making both of these determination based upon the same findings, this Court recognizes that it is, in a sense, blending together its analysis of whether there was a genuine issue of material fact with respect to Wilhold's claim and whether Gebke is entitled to qualified immunity. However, in circumstances such as these, the Seventh Circuit has pointed out that these two inquiries "effectively collapse into one." ***Id.***

**Wilhold's Assertion of a Violation of his Fifth Amendment Rights**

Gebke argues that Wilhold cannot recover for any alleged violations of the Fifth Amendment because no statement obtained from Wilhold was ever used against him in a criminal proceeding. In his response, Wilhold concedes that his complaint does not validly assert a Fifth Amendment claim (Doc. 26, p. 5). Accordingly, to the extent that Wilhold's complaint asserts

claims for violations of the Fifth Amendment, the Court **GRANTS** summary judgement on these claims in favor of Gebke.

**Wilhold's Reference to the Fourteenth Amendment in Count II**

Finally, Gebke argues that the Fourteenth Amendment "is inappropriate for [Wilhold's] Claims [in Count II]." (Doc. 21, p. 11). The Court finds this argument misplaced and unpersuasive. As Wilhold points out, the Fourteenth Amendment in Count II of the Complaint is referenced simply because the Fourteenth Amendment provides application of the Fourth and Fifth Amendments to state actors. Accordingly, the Court **DENIES** summary judgment as to Count II on this basis.

**Summary**

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Gebke's motion for summary judgment (Doc. 20). Summary judgment in favor of Gebke is **GRANTED** as to Wilhold's Fifth Amendment claims in Count II. Summary judgment is **DENIED** as to the balance of Gebke's motion.

**IT IS SO ORDERED.**

DATED this 9th day of March, 2006.

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**